# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: July 29, 2019

| | |
|---|---|
| * * * * * * * * * * * * * * * * * *<br>Q.P.,<br>　　　　　　　　　Petitioner,<br>v.<br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES<br>　　　　　　　　　Respondent.<br>* * * * * * * * * * * * * * * * * * | UNPUBLISHED<br><br>No. 15-449V<br><br>Special Master Gowen<br><br>Motion for Reconsideration;<br>Vaccine Rule 10(e); Expert Rate;<br>Decision on Attorneys' Fees and<br>Costs |

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for petitioner.
Jennifer L. Reynaud, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 19, 2019, Q.P. ("petitioner") filed a Motion for Reconsideration of my Decision on Attorneys' Fees and Costs issued on June 7, 2019. Mot. for Reconsideration (ECF No. 98). Petitioner requests I reconsider my decision to decrease the costs awarded for petitioner's expert, Dr. David Simpson. *Id.* at 2. Upon review of Dr. Simpson's qualifications, the quality of his work in this case, and the resolution of this case utilizing Dr. Simpson's expert report, I **GRANT** petitioner's Motion for Reconsideration and award attorneys' fees and costs in the amount of **$73,448.71.**

### I.　　Procedural History

On May 4, 2015, petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petition at ¶ 1 (ECF No. 1). Petitioner alleged that he

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the Ruling will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

suffered from Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") as a result of receiving a tetanus-diphtheria-acellular-pertussis ("Tdap") vaccination on August 9, 2012 and measles, mumps, and rubella ("MMR") vaccination on August 27, 2012.  *Id.*

On December 14, 2018, the parties filed a joint stipulation in which they stated that a decision should be entered awarding compensation to petitioner.  Stipulation for Award (ECF No. 84).  Respondent denied petitioner's alleged injury and residual effects were caused-in-fact by the Tdap and/or MMR vaccinations.  *Id.* at ¶ 6.  Nevertheless, the parties agreed that the issues between them should be settled and a decision should be entered awarding compensation to petitioner.  I adopted the Stipulation for Award as my Decision awarding damages on December 18, 2018.  (ECF No. 85).

On March 11, 2019, petitioner filed a motion for attorneys' fees and costs.  Pet. Fees App. (ECF No. 93).  Petitioner requested compensation for his attorney, Mr. Ronald Homer in the total amount of $74,565.67.  This represented $60,625.10 in attorney's fees and $13,540.57 in costs.  Pet. Fees App. at 1-2.  Petitioner filed a statement pursuant to General Order No. 9 on March 11, 2019 stating petitioner personally incurred $400.00 in costs for this litigation.  (ECF No. 94).  Petitioner filed a Status Report justifying 2019 rates for Homer, Conway P.C. attorneys, law clerks, and paralegals on May 15, 2019.  (ECF No. 96)

Respondent filed a response to petitioner's fees motion on March 25, 2019, indicating that "[r]espondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Response at 2-3 (ECF No. 95).  Petitioner did not file a reply thereafter.

On June 7, 2019, I issued a Decision on Attorneys' Fees and Costs in which Dr. Simpson was awarded $450.00 per hour for his work in this case due to Dr. Simpson's lack of experience in the Vaccine Program despite his strong credentials.

On June 19, 2019, petitioner filed a Motion for Reconsideration of the Special Master's June 7, 2019 Decision on Attorneys' Fees and Costs ("Mot. for Reconsideration") requesting that the Court reconsider its decision to decrease Dr. Simpson's award amount.  Mot. for Reconsideration at 1 (ECF No. 98).  Petitioner argues that the reasonableness of Dr. Simpson's proposed expert rate should be evaluated using the five relevant factors set for in *Sabella*.  *Id.* at 5-6 (citing *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201 (Fed. Cl. 1992)).  Petitioner then provided support for the factors of Dr. Simpson's expertise, education and training, prevailing rates for similar experts, quality of Dr. Simpson's work, and cost of living where Dr. Simpson practices.  *Id.* at 6-14.

On June 24, 2019, I withdrew my June 7, 2019 Decision on Attorneys' Fees and Costs in order to properly adjudicate petitioner's Motion for Reconsideration.  *See* Order (ECF No. 99).  On June 26, 2019, I granted petitioner's Motion for Reconsideration noting that whether petitioner would be entitled to the substantive relief requested in their motion would be determined after further analysis.  *See* Order (ECF No. 100).  Respondent filed a response to petitioner's Motion for Reconsideration on July 26, 2019, in which he deferred to my discretion to determine a

reasonable hourly rate for petitioner's expert.  Resp. Response at 2 (ECF No. 101).  This matter is now ripe for adjudication.

## II.      Petitioner's Motion for Reconsideration

### a.  Legal Framework

Vaccine Rule 10(e) governs motions for reconsideration.  It is within a special master's discretion to grant or deny the motion "in the interest of justice." Vaccine Rule 10(e)(3).  Special masters have construed the "interest of justice" standard within Vaccine Rule 10(e)(3) as a lesser standard than the showing of required by the Rules of the Court of Federal Claims ("RCFC") 59(a).  *See, e.g.*, *R.K. v. Sec'y of Health & Human Servs.*, No. 03-632V, 2010 WL 5572074, at *5 (Fed. Cl. Spec. Mstr. Nov. 12, 2010).  Vaccine Rule 10 provides special masters with "significant discretion to determine in a particular case what is in the interest of justice." *McAllister v. Sec'y of Health & Human Servs.*, No. 03-2476V, 2011 WL 6000606, at *1 (Fed. Cl. Spec. Mstr. Oct. 6, 2011).

### b.  Analysis

#### 1.  Expert Hourly Rate

Special masters have consistently reduced the rate for well-qualified experts who are not experienced within the Vaccine Program.  *See, e.g.*, *Rehfeld v. Sec'y of Health & Human Servs.*, No. 16-1048V, 2018 WL 4090665, at *3-4 (Fed. Cl. Spec. Mstr. Aug. 1, 2018); *Emerson v. Sec'y of Health & Human Servs.*, No. 15-42V, 2018 WL 3433317, at *3 (Fed Cl. Spec. Mstr. May 30, 2018).  In the original Decision on Attorneys' Fees and Costs issued on June 7, 2019, I awarded petitioner's expert, Dr. Simpson, an hourly rate of $450.00 instead of the requested $500.00 as a result of Dr. Simpson's lack of experience in the Vaccine Program.

In his Motion for Reconsideration, petitioner argued that a special master should determine the reasonableness of a proposed expert rate based on the five *Sabella* factors: (1) the area of the expert's expertise; (2) the education and training of the expert to provide insight into the case; (3) the prevailing rates of comparable experts; (4) the nature, quality, and complexity of the provided information; and (5) the cost of living in the expert's geographic area.  Mot. for Reconsideration at 5 (citing *Sabella*, 86 Fed. Cl. 206).

Upon reconsideration, I find that Dr. Simpson should be awarded an hourly rate of $500.00 due to Dr. Simpson's qualifications, his non-Vaccine Program rates, the rates of similar experts, and his contributions that enabled a resolution of this case resulting in compensation for petitioner.

Dr. Simpson is substantially qualified.  He is double-board certified in neurology and electrodiagnostic medicine, is a full professor at the Mount Sinai School of Medicine, he has published over 200 peer-reviewed articles, and is an active researcher and practitioner.  Mot. for Reconsideration at 4-8.  Additionally, Dr. Simpson is requesting a lower hourly rate than he normally charges for non-Vaccine Program cases.  Mot. for Reconsideration Tab A.  I find that Dr. Simpson's requested hourly rate is the same as the rates requested and received by Drs. Latov and Sheikh who are similarly qualified.  Mot. for Reconsideration at 8-9.

I find that Dr. Simpson's expert report was helpful and important to this case. This was a difficult case where Dr. Simpson's expertise was critical in bringing about a favorable settlement for petitioner. *Id.* at 12. Accordingly, in the interest of justice, petitioner will be awarded the requested rate for Dr. Simpson of $500.00 an hour. I find Dr. Simpson's hours expended on this case to be reasonable. Therefore, petitioner will be awarded **$11,500.00** for Dr. Simpson's involvement as an expert in this case.

Because the Vaccine Program reimburses petitioner's for attorneys' fees and costs, it is incumbent that fee applications include all necessary and supporting justification so Special Masters can make informed awards of fees and costs. When a petitioner is relying on an expert that is new to the Vaccine Program, including supplemental information about the expert related to the *Sabella* factors are helpful for Special Masters to evaluate the reasonableness of the proposed expert rate. Including all relevant information in the initial fees' application ensures timely consideration of an application and reduces the need for the use of motions for reconsiderations.

### 2. Paralegal Rate

Petitioner is not requesting reconsideration of the reduction of hours for paralegal work. *Id.* at 14. As a result, I will award the same reasonable rate and hours as described below for the paralegals at Conway, Homer, P.C. However, petitioner's point considering the paralegals' work and the differentiation between that of law clerks is well-taken. *Id.* at 14-16. Petitioner's counsel should include such detail and explanations in future initial motions for attorneys' fees and costs to accurately assess paralegal and law clerk billed hours.

### III.   Petitioner's Motion for Attorneys' Fees and Costs

#### a.   Legal Standard

Because my original Decision on Attorneys' Fees and Costs was withdrawn to properly rule on petitioner's Motion for Reconsideration, petitioner's Motion for Attorneys' Fees and Costs will now be addressed. ("Pet. Fees App.") (ECF No. 93).

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1). Petitioner in this case was awarded compensation pursuant to a Stipulation, and therefore can be awarded reasonable attorneys' fees and costs. (ECF No. 38).

The Vaccine Act permits an award of "reasonable" attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonably expended on the litigation. *Id*. at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id*. At 484 n.1. The special master has the discretion to reduce awards *sua sponte*,

independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008). Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

### b.  Reasonable Attorneys' Fees and Costs

#### 1.  Hourly Rate

Petitioner requests that his attorney, Mr. Homer, be compensated at $400.00 an hour for work in 2016, $409.00 an hour for work in 2017, $421.00 an hour for work in 2018, and $430.00 an hour for work in 2019. Additionally, petitioner requests compensation for additional attorneys at Conway, Homer, P.C., Ms. Meredith Daniels, Mr. Joseph Pepper, Ms. Christina Ciampolillo, and Ms. Lauren Faga, for work contributed at various points in this litigation. Other special masters and I have found the rates for Conway, Homer, P.C. attorneys to be reasonable for the years requested. *Fowler v. Sec'y of Health & Human Servs.*, No. 17-0809V, 2019 WL 982197, at *3-5 (Fed. Cl. Spec. Mstr. Jan. 17, 2019); *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19-20 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Additionally, the requested rates for law clerks and paralegals at Conway, Homer, P.C. have been found to be reasonable. *Fowler*, 2019 WL 982197, at *3. Upon review, I find that the rates requested for all attorneys in the years 2016 through 2019 to be reasonable. I will award petitioner's requested rates in full.

#### 2.  Hours Expended:

As noted previously, a line-by-line evaluation of the invoiced hours is not required; instead, I may rely on my experience to evaluate the reasonableness of the hours expended. *Wasson*, 24 Cl. Ct. at 484. Accordingly, I may reduce the number of hours claimed based on past experience. *Saxton*, 3 F.3d at 1521. After review of the hours billed, I find that some reductions need to be made.

Petitioner requested $60,625.10 in attorneys' fees. It is well-established that billing for administrative and clerical tasks is not compensable in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). I have reviewed the billing entries and found paralegals have billed time for preparation, receipt, review, and organization of medical records for summarization by law clerks. These tasks are administrative in nature and duplicative as law clerks would be reviewing and summarizing the medical records in their course of work. *See McMaster v Sec'y of Health & Human Servs.*, No. 17-319V, 2019 WL 1958492, at *2 (Fed. Cl. Spec. Mstr. Mar. 8, 2019); *Estes v. Sec'y of Health & Human Servs.*, No. 17-1003, 2019 WL 1806241, at *2 (Fed. Cl. Spec. Mstr. Mar. 4, 2019).

For example, paralegals billed 0.3 hours on September 26, 2013 for "medical records from…, confirmed receipt of proper records, updated case file." Pet. Fees App. at 5. This reflects

an administrative task.  On February 27, 2014, the entry reads "review, organize and prep medical records/exhibits 1-9 for summary and electronic filing."  Pet. Fees App. at 7.  This is followed immediately by a billing entry from the law clerks stating "began initial record summary…began summarizing exhibits, completed exhibit 1 and part of exhibit 2."  *Id.*  Additional entries in the same manner are present throughout 2013 through 2018.  Pet. Fees App. at 6-32.  Billing for these tasks has resulted in reductions in the past.  *See McMaster*, 2019 WL 1958492, at *2; *Estes v. Sec'y of Health & Human Servs.*, 2019 WL 1806241, at *2.  While distinguishing between paralegal tasks and administrative tasks is often difficult, in light of the general policy of not reimbursing for purely administrative or secretarial tasks which are viewed as part of the firm overhead, I will reduce the paralegal billed time by 15%.  The billing records indicate that paralegals billed 56.4 hours for a total of $7,446.40.  As described above, petitioner is not seeking reconsideration of the reasonable hours for paralegal work and the reduction in fees will be applied.  Mot. for Reconsideration at 14.  **Accordingly, I will reduce the award of attorneys' fees by $1,116.96 and award petitioner attorneys' fees in the amount of $59,508.14.**

### 3.  Attorney's Costs

Like attorneys' fees, a request for reimbursement for costs must be reasonable.  *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests a total of $13,540.57 in attorneys' costs.  $2,040.57 of the costs represent the cost of acquiring medical records, postage charges, travel costs associated with meeting with petitioner, and settlement discussions.  Pet. Fees App. at 37-64.  These costs are typical of the Vaccine Program and petitioner has provided adequate documentation of all expenses.  I find these expenses to be reasonable and will award them in full.  **Petitioner is therefore awarded $2,040.57 in costs, in addition to Dr. Simpson's costs discussed above of $11,500.00, totaling $13,540.57.**

### 4.  Petitioner's Costs

Pursuant to General Order No. 9, petitioner warrants that he has personally expended $400.00 in pursuit of this litigation.  Pet. Fees App. at 2; ECF No. 94.  This amount represents the filing cost of the petition incurred by petitioner.  This cost has been adequately documented and shall be awarded in full. Pet. Fees App. at 64. Petitioner is therefore awarded of costs in the amount of **$400.00**.

### IV.  Conclusion

In accordance with the foregoing, petitioner's application for attorney's fees and costs is **GRANTED**.  I will award petitioner attorney's fees and costs as follows:

| | |
|---|---|
| Attorneys'          Fees | $60,625.10 |
| (Reduction of Fees) | -($1,116.96) |
| **Total  Attorneys'  Fees** | **$59,508.14** |
| | |
| Attorneys'          Costs | $13,540.57 |
| (Reduction of Costs) | - |
| **Total  Attorneys'  Costs** | **$13,540.57** |
| | |

| Total Petitioner's Costs | $400.00 |
|---|---|
| | |
| Total            Amount | $73,448.71 |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $73,048.71, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and his counsel, Ronald C. Homer;[3] and**

2) **A lumpsum in the amount of $400.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).
[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).